UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re:<br>**Billy W. Brockington And Angela E. Brockington**<br><br>Social Security No.xxx-xx-9237 and xxx-xx-7605<br>Address:112 S. Woodcrest Street, ,Durham, NC 27703-<br><br>Debtors | Case No. 10-81479<br>Chapter 13 |

## REQUEST FOR PRODUCTION OF DOCUMENTS

To: Wells Fargo Bank, N.A.
Creditor named in this Chapter 13 Bankruptcy case.

The Debtors above-named dispute the amount of pre-petition delinquency claimed by Wells Fargo Bank, N.A. as set forth in the Proof of Claim filed in this case and believes that certain payments may not have been property credited to the Debtors.

Pursuant to Federal Rules of Bankruptcy Procedure 9014 and Rules 34 and 26 (b) F.R.Civ.P., the Debtors request you to respond within 30 days to the following requests by producing for inspection and copying by Debtors' Attorney at his offices located at <u>1738-D Hillandale Rd., Durham NC 27705.</u>

**In addition, the request shall also be considered a qualified written request under the Real Estate Settlement Procedures Act, codified as Section 2605(e) of Title 12 of the United States Code.**

Instructions For Request For Production Of Documents

You may produce a photocopy in lieu of the original of any document or thing requested.

This is an ongoing Request For Production of all documents of things now in existence or hereafter obtained at any time prior to final entry of judgment in this case. Federal Rule of Bankruptcy Procedure 7034 and Rule 34 F.R.Civ.P. provide, among other things that: Documents falling within this Request which must be produced are those which are in possession, custody, or control of you or your agents. You or your agents need not presently have physical custody, as the right to ask for and receive the documents or things is sufficient for them to fall within the group of documents or things to be produced in response to this Request.

You must either produce the documents as they are kept in your usual course of business, such as in their file jacket, or you must compile, organize and label them to correspond to the categories in this Request. If you object to a Request, you must state the <u>reason for objection in writing.</u> If you object to part of a Request, you must specify the part. If you object on the ground that the information sought is beyond the scope of discovery, you must nevertheless answer the Request to

the extent that it is not objectionable. If you respond to a request for discovery with a response that is complete when made, you are nevertheless under a duty to supplement the response to include information thereafter acquired. For instance, without limitation, you must supplement or amend your response, if you obtain information which shows (and failure to amend your response in light of such information is in substance a knowing concealment) your earlier response was incorrect when made, or your earlier response, although correct when made, is no longer true.

Definition For Request For Production Of Documents

"Document", "writing" and "report" means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, drafts, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, compact disk, optical disk, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies of drafts, however produced or reproduced.

"You" means you and any predecessor-in-interest to the debt now owed to you by the Debtors.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce a document which sets for a detailed **payment history** concerning the debt owed to you by the Debtors, for the period from January 31, 1995 to the date of this request. Please make sure the payment history includes all of the following information:

(1)     An itemization regarding all of the following types of transactions:

(a) Each and every monetary amount by which you charged to or debited any and all of Debtors' account with you, whether concerning principal, interest, late charges, appraisal fees, insurance, taxes, foreclosure fees, attorney fees, legal costs, property inspections, property preservation, NSF check charges, escrow, appraisal or otherwise,

(b) Each and every payment made by or on behalf of the Debtors to you, and

(c) Each and every amount, other than payments, by which you credited the Debtors' account.

(2)     For each and every such charge and for each and every debit transaction, provide the date it was posted to the Debtors' account, the amount thereof, the type of charge or debit, the resulting balance due and owing on the account, and information sufficient to identify the purpose for the debit.

(3)     For each and every such payment transaction, provide the date it was posted to the Debtors' account, the amount thereof, and the resulting balance due and owing on the account.

(4)     For each and every such credit (other than payments) transaction, provide the date it was

posted to the Debtors' account, the amount thereof, and the resulting balance due and owing on the account.

(5) To the degree available in your records, for each and every payment, provide: (a) The manner of payment, whether by personal check, money order, cashier's check, bank check or otherwise, and also (b) Any number or other information in your control that would further identify the payment, as for instance, and without limitation to the type of payment or type of information, check numbers, money order numbers, etc.

(6) A legion and/or detailed explanation sufficient to allow for a layman's full understanding of all the data provided.

Date: October 22, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Edward Boltz
Edward Boltz
Attorney for Debtors'
N.C. State Bar No.: 23003
6616-203 Six Forks Rd.
Raleigh, N.C. 27615
(919) 847-9750

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Billy W. Brockington And Angela E. Brockington**

Case No. 10-81479
Chapter 13

Social Security No. xxx-xx-9237 and xxx-xx-7605
Address: 112 S. Woodcrest Street, , Durham, NC 27703-

Debtors

**CERTIFICATE OF SERVICE**

I, Renee Nolte, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on October 22, 2010, I served copies of the foregoing **REQUEST FOR PRODUCTION OF DOCUMENTS** electronically or when unable, by regular first-class U.S. mail, addressed to the following parties:

WELLS FARGO BANK, N.A.
**Attn: Managing Agent**
S/B/M Wells Fargo Home Mortgage, Inc.
3476 Stateview Boulevard
Fort Mill, SC 29715-

WELLS FARGO BANK, N.A.
**Attn: Managing Agent**
Post Office Box 10368
Des Moines, IA 50306-0368

Brock & Scott, Pllc
Attorney for WELLS FARGO BANK, N.A.
5431 Oleander Drive
Suite 200
Wilmington, NC 28403-

U.S. Bankruptcy Administrator


Richard M. Hutson, II
Chapter 13 Trustee


/s Renee Nolte
Renee Nolte